# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on December 16, 2025

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 26-MJ-64 |
| | : | |
| KAMAR CLAYTON, | : | VIOLATION: |
| | : | |
| Defendant. | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | : | 28 U.S.C. § 2461(c) |
| | : | |
| | : | |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about March 23, 2026, within the District of Columbia, **KAMAR CLAYTON**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2022 CF2 003917 did unlawfully and knowingly receive and possess a firearm, that is, a Glock Model 21, .45 auto caliber pistol, and .45 auto caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Glock Model 21, .45 auto caliber pistol, a 26-round-capacity magazine, and .45 auto ammunition.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

A TRUE BILL:

By: *Colleen D Kukowski*

Colleen D. Kukowski
Assistant United States Attorney

FOREPERSON.

3